**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **PETER FRANKLIN KLEIN,** | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | **EP-20-CV-58-DCG** |
| | § | |
| **FEDERAL BUREAU OF PRISONS,** *et al.*, | § | |
| **Defendants.** | § | |

<u>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS OR, IN THE**</u>
<u>**ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT AND DISMISSING**</u>
<u>**PLAINTIFF'S COMPLAINT**</u>

The Federal Bureau of Prisons (BOP) and five named BOP facilities (the Federal

Defendants) move to dismiss Peter Franklin Klein's complaint.   Mot to Dismiss, ECF No. 25.

In the alternative, they move for summary judgment.   *Id.*   For the reasons discussed below, the

Court will grant the Federal Defendants' motion to dismiss.

**BACKGROUND**

Klein was convicted for an armed bank robbery in cause number 5:09-CR-453-RMW in

the United States District Court for the Northern District of California.   Mot to Dismiss, Exhibit

A (Decl. of Brenda Victor ¶ 5), ECF No. 25-3.   He was sentenced on April 5, 2010 to 144

months' imprisonment.   *Id*.   He was released from BOP custody on February 7, 2020.   *Id.*

Klein filed a complaint against the BOP and five BOP facilities on October 18, 2019.

Pl.'s Compl., ECF No. 1.   He alleged various deprivations of his civil rights after he was

"brutally attacked by an inmate" on December 16, 2010.   *Id*. at p. 7.   He claimed the attack

occurred at the direction of the BOP staff at the La Tuna Federal Correctional Institution in

Anthony, Texas.   *Id*.

The Federal Defendants move to dismiss Klein's complaint pursuant to Federal Rules of

Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and 12(b)(6) for failure to state a

claim upon which relief can be granted.   Mot to Dismiss, ECF No. 25.   In the alternative, the

Federal Defendants move for summary judgment under Federal Rule of Civil Procedure 56.   *Id*.

To the extent Klein brings his claims against the Federal Defendants for violations of his

civil rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S.

388 (1971), the Federal Defendants assert three reasons for the Court to dismiss the claims.   *Id*.

at 3.   First, they maintain the Court lacks subject-matter jurisdiction because Klein failed to

exhaust his administrative remedies, as required by the Prison Litigation Reform Act (PLRA).

*Id*. at 6–8 (citing 42 U.S.C. § 1997e(a)).   Second, they contend a *Bivens* action is not a

cognizable cause of action against a federal agency such as the BOP or its facilities.   *Id*. at 8–9

(citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994)).   Additionally, they aver any of Plaintiff's

*Bivens* claims which occurred more than two years before he filed his complaint are barred by

the statute of limitations.   *Id*. at 10–11.

To the extent Klein brings his claims as torts under the Federal Torts Claims Act (FTCA),

the Federal Defendants assert two reasons for the Court to dismiss the claims.   *Id*. at 12–16.

First, they observe he has failed to exhaust the prerequisite FTCA administrative remedies.   *Id*.

at 12–13 (citing 28 U.S.C. § 2675(a)).   Finally, they note the statute of limitations bars any tort

claim which was not presented in writing to the BOP within two years after the claim accrued.

*Id*. at 14–16 (citing 28 U.S.C. § 2401(b)).

Klein responds he suffers from a severe chronic brain injury caused by abuse at the hands

of the BOP staff.   Pl.'s Resp. 1, ECF No. 31.   As a result of this injury, he claims he suffers

daily from extreme pain and cognitive issues.   *Id*.   He also avers the BOP blocked him from

filing timely complaints.  *Id.* at 2.  Thus, he suggests he should not be required to exhaust and is entitled to equitable tolling.

The Federal Defendants reply "[t]he allegations in Plaintiff's Complaint span nearly a decade."  Defs.'s Reply 7, ECF No. 32.  They note Klein "does not offer any further evidence, aside from [his] own conclusory statements about alleged retaliation, as to why he failed to timely engage the administrative process."  *Id.*  They argue Klein "has not met his burden to provide justification" for equitable tolling.  *Id.* at 8.

The United States Magistrate Judge to whom the Court referred this matter recommends, in a report and recommendation, that the Court grant the Federal Defendants' motion to dismiss. R. &. R. 1, ECF No. 33.  *See* 28 U.S.C. § 636(b)(1)(B) (permitting a district court, on its own motion, to refer a pending matter to a United States Magistrate Judge for a report and recommendation).  He reasons that "[f]ederal agencies cannot be sued via a *Bivens* cause of action." R. &. R. 8 (citing *F.D.I.C. v. Meyer*, 510 U.S. at 486).  Consequently, Klein fails to state a *Bivens* claim upon which relief can be granted against the Federal Defendants.  *Id.* at 9. The Magistrate Judge adds that "[a]s the notice 'requirement is a prerequisite to suit under the FTCA,' the Court finds that subject matter jurisdiction does not exist in this case."  *Id.* (quoting *Life Partners Inc. v. United States*, 650 F.3d 1026, 1030 (5th Cir. 2011)); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); *Hinojosa v. U.S. Bureau of Prisons*, 506 F. App'x 280, 282 (5th Cir. 2013) ("As a waiver of sovereign immunity, the FTCA must be strictly construed, and consequently, claims under it must strictly comply with its terms."); *Gregory v. Mitchell*, 634 F.2d 199, 203–04 (5th Cir. 1981) ("The requirement of

exhaustion of administrative review is a jurisdictional requisite to the filing of an action under the FTCA").

The Magistrate Judge also finds that, because Klein did not file his complaint while in custody, the PLRA's exhaustion requirement does not apply to his *Bivens* claims.   *Id*. at 8. Therefore, he "recommends that Plaintiff's Complaint be dismissed without prejudice, as his *Bivens* claim may stand if brought against the federal employees involved in the facts at issue in his Complaint."   *Id*. at 10.

Klein did not file objections to the report and recommendation of the Magistrate Judge.

The Federal Defendants did file objections.   Def.'s Obj., ECF No. 35.   They note Klein filed his complaint on October 18, 2019 and he was not released from BOP custody until February 7, 2020.   *Id*. at 3–4.   Consequently, they maintain Klein's *Bivens* claims are subject to the PLRA exhaustion requirements.   *Id*. at 3.   Moreover, they assert Klein's "*Bivens* claims, up to two years before he filed his Complaint, are barred by the statute of limitations."   *Id*. at 5. They argue, because Klein was "incarcerated in California BOP facilities, any *Bivens* claims within the statute of limitations would necessarily involve employees of those California facilities."   *Id.* n.4.   They ask the Court to dismiss Klein's *Bivens* claims with prejudice.   *Id.* at 6.

## APPLICABLE LAW

A party who files timely written objections to a report and recommendation of a magistrate judge is entitled to a "de novo" review of those portions of the report to which the party objects.   28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).   A district court need not, however, consider "'frivolous, conclusive, or general objections.'"   *Battle v. United States*

-4-

*Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d

404, 410 n.8 (5th Cir. 1982) (en banc)).   As to other portions of the report or when a party does

not file written objections, the reviewing court applies a "clearly erroneous, abuse of discretion

and contrary to law" standard of review.   *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.

1989).   After completing its review, the reviewing court may accept, reject, or modify a report,

in whole or in part.   28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

### ANALYSIS

The Federal Defendants correctly note Klein filed his complaint on October 18, 2019 but

he was not released from BOP custody until February 7, 2020.   Defs.'s Obj. 3–5 (*see* Pl.'s

Compl. 1; https://www.bop.gov/inmateloc/ (search for Register Number 13087-111) (last visited

Dec. 7, 2020)).

The law is clear: if a plaintiff files a lawsuit while incarcerated, his *Bivens* claims are

governed by the PLRA's exhaustion provisions.   *See* 42 U.S.C. § 1997e(a) ("No action shall be

brought with respect to prison conditions under section 1983 of this title, or any other Federal

law, by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted."); *Porter v. Nussle*, 534 U.S. 516, 524

(2002) ("Thus federal prisoners suing under *Bivens* . . . must first exhaust inmate grievance

procedures just as state prisoners must exhaust administrative processes prior to instituting a §

1983 suit.").   Since Klein filed his lawsuit while incarcerated, his claims are clearly governed by

the PLRA's exhaustion requirements.   The Court will accordingly sustain the Federal

Defendant's objection.

The Federal Defendants also argue the Court should dismiss Klein's *Bivens* claims with

prejudice.    Defs.'s Obj. 5–6.    They maintain Klein's "*Bivens* claims, up to two years before he filed his Complaint, are barred by the statute of limitations."    *Id*. at 5.    They add, because Klein was "incarcerated in California BOP facilities during this two-year period, any *Bivens* claims within the statute of limitations would necessarily involve employees of those California facilities."    *Id.* n.4.

The Court agrees the Federal Defendants' representations are factually correct.    The Court will sustain the objection and dismiss Klein's *Bivens* claims—against the Federal Defendants—with prejudice.    The Court adds that Klein may still pursue *Bivens* claims which are not time-barred against individual defendants.

## CONCLUSIONS AND ORDERS

After completing a "de novo" review of those portions of the report and recommendation to which the Federal Defendants object, the Court concludes that it should sustain the objections. As to other portions of the report and recommendation, the Court concludes that the Magistrate Judge's proposed findings of fact and conclusions of law are neither clearly erroneous nor contrary to law.

Although the Court is sensitive to Klein's extreme pain and cognitive issues caused by his severe chronic brain injury, the Court concludes, as a matter of law, that he has failed to state a *Bivens* claim against the Federal Defendants upon which relief can be granted.    Moreover, the Court concludes that, because Klein has not exhausted his statutorily-required administrative remedies, it lacks subject-matter jurisdiction to address his FTCA claims.    The Court, therefore, enters the following orders:

**IT IS ORDERED** that the "Federal Defendants' Objection[s] to the Report and

Recommendation of the Magistrate Judge" (ECF No. 35) are **SUSTAINED**.

**IT IS FURTHER ORDERED** that the "Report and Recommendation of the Magistrate Judge" (ECF No. 33) is **REJECTED** in part and **ACCEPTED** in part. The Magistrate Judge's finding that Klein did not file his complaint while in custody and the Court cannot dismiss his *Bivens* claim on exhaustion grounds is **REJECTED**.   *See* R. & R. 8.   The Magistrate Judge's conclusion that the Court should dismiss Klein's Biven's claims without prejudice is also **REJECTED**.   *Id.* at 10.   All other portions of the report and recommendation are **ACCEPTED**.

**IT IS FURTHER ORDERED** that the "Federal Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (ECF No. 25) is **GRANTED**.

**IT IS FURTHER ORDERED** that Klein's "Civil Rights Complaint" (ECF No. 1) is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted and for lack of subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SO ORDERED**.

**SIGNED this   10th   day of December 2020.**

**DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE**

-7-